

# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

**FILED**
**Jan 14, 2026**
**11:03 AM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**

| | |
|---|---|
| Glenda Laymance | Docket No. 2024-30-5862 |
| v. | State File No. 25114-2023 |
| K-VA-T Food Stores, Inc., d/b/a Food City, et al. | |
| Appeal from the Court of Workers' Compensation Claims Pamela B. Johnson, Judge | |

---

### Affirmed and Remanded

---

In this appeal, the employer questions the trial court's order requiring it to pay additional temporary total disability benefits despite the employee's authorized physician previously placing her at maximum medical improvement. The employee sustained a compensable right shoulder injury for which the employer provided workers' compensation benefits. The authorized treating physician placed her at maximum medical improvement and released her to return to work, but the employee was unable to perform the duties of her job and asked to return to her physician. After objective testing revealed a need for additional treatment related to the work injury, including surgery, the authorized physician rescinded his prior determination that the employee had reached maximum medical improvement and restricted her from working. The employer declined to pay additional temporary total disability benefits. Following an expedited hearing, the trial court concluded the employee had met her burden of proving she will likely prevail at trial in showing she is entitled to additional temporary total disability benefits, and the employer has appealed. Having carefully reviewed the record, we affirm the trial court's decision and remand the case.

Judge Pele I. Godkin delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner and Judge Meredith B. Weaver joined.

Jeffrey M. Cranford, Knoxville, Tennessee, for the employer-appellant, K-VA-T Food Stores, Inc., d/b/a Food City

Lauren Blair Ray, Nashville, Tennessee, for the employee-appellee, Glenda Laymance

## Factual and Procedural Background

Glenda Laymance ("Employee") worked as a deli coordinator for K-VA-T Food Stores, Inc., d/b/a Food City ("Employer"). On March 31, 2023, she injured her right shoulder while working at the store's pizza station. Employer accepted the claim and provided a panel of physicians from which Employee selected Dr. Aaron Roberts. He provided Employee medical care for a fracture and multiple rotator cuff tears in her right shoulder, including surgery in July 2023. Following a course of physical therapy, Dr. Roberts opined that Employee had reached maximum medical improvement ("MMI") on November 17, 2023, with no permanent work restrictions. Prior to Dr. Roberts's MMI determination, Employer had paid temporary total disability ("TTD") benefits.

After being placed at MMI, Employee returned to work performing the same job she had prior to the injury, but she began to experience increased shoulder symptoms. She tried to return to Dr. Roberts, but his office informed her that Employer had not authorized any additional treatment. On September 3, 2024, Employee filed a petition for benefit determination seeking an appointment with Dr. Roberts and attorney's fees for wrongful denial of treatment.[1] Thereafter, Employer authorized an appointment with Dr. Roberts for October 2, 2024. During that visit, Dr. Roberts noted that Employee reported occasional numbness as well as pain with lifting and reaching and "grinding" during work. An MRI revealed severe post-traumatic osteoarthritis of the right shoulder. Dr. Roberts opined that Employee's condition arose primarily out of her March 31, 2023 injury and recommended a reverse total right shoulder replacement. He performed the recommended surgery on January 28, 2025, and took Employee off work post-surgery.

On April 2, 2025, Dr. Roberts responded to a questionnaire sent by Employee's attorney stating that that his previous MMI determination was rescinded. He confirmed that the development of post-traumatic osteoarthritis required additional surgery and that Employee had been unable to work since the surgery. Based on these medical opinions, Employee requested that her TTD benefits be reinstated. Employer denied Employee's request, asserting that its obligation to pay temporary disability benefits ended when Employee was initially placed at MMI.

The parties deposed Dr. Roberts on August 27, 2025. He testified that Employee was off work following the most recent surgery from January 28, 2025, through June 2, 2025, when she was released to full duty work, but that he took her off work again on June 16, 2025, because of increasing symptoms. Dr. Roberts opined that Employee's right shoulder injury, including the post-traumatic osteoarthritis and need for a right reverse total shoulder arthroplasty were primarily related to the work injury. He further testified that the original MMI date of November 17, 2023, should be rescinded and, as of the date of the deposition, she had not reached MMI for her work-related conditions.

---

[1] Employee contends she had requested to see Dr. Roberts since February 2024.

With regard to the nature of her injuries and his initial opinion placing her at MMI, Dr. Roberts testified that Employee had fractured her shoulder and torn her rotator cuff. He stated that at the time he initially placed her at MMI, he did not expect future changes in her condition or the need for future medical treatment. He confirmed that he had released her without restrictions because he felt, "given her improvement with physical therapy as well as her clinical exam, that she would be able to do the duties associated with her job." He did not schedule a follow-up appointment but instead instructed Employee to contact him if she needed anything further. When asked if he believed the treatment of her work-related injury was concluded at that point, Dr. Roberts responded, "I did." However, when Employee returned for further evaluation, he discovered she had developed severe post-traumatic arthritis, which he opined was primarily caused by the work injury. He testified that, following surgery, he released Employee to return to work on June 2, 2025, but restricted her from work again on June 16 due to increased pain. He further testified that, in his medical opinion, Employee had not reached MMI as of the date of his deposition. Dr. Roberts explained:

> I felt that she had [reached MMI] in November when she was doing quite well, and had been able to return to work. When she returned to me with the arthritic changes and the clear post-traumatic arthritis, I felt that, as this did relate to the original injury, that maximum medical improvement had no longer been present.

During the expedited hearing, Employee testified that she had returned to work after initially reaching MMI and had continued to work until her surgery in January 2025. Following surgery and her recovery, she worked for a short period of time in June but had not worked since June 9. Employee sought TTD benefits beginning January 28, 2025, and ongoing, except for the days she worked in June. She argued that Dr. Roberts's rescission of MMI was proof that placing her at MMI in November 2023 was incorrect or premature and Employer's refusal to provide TTD benefits was unjust/unreasonable, entitling her to a 25% penalty and attorney's fees.

For its part, Employer asserted that TTD benefits terminate upon reaching MMI or returning to work. Since Employee was placed at MMI in November 2023, and since Dr. Roberts did not anticipate changes in her condition and the need for future medical treatment, his opinion in November 2023 was not incorrect or premature. Employer maintained that a physician's statement simply rescinding a previously-expressed opinion as to MMI is insufficient to support a new period of temporary disability.

Following the hearing, the trial court noted in its order that the underlying facts of the case are largely undisputed and that both parties relied on *Wise v. Murfreesboro Health Care Ctr.*, no number in original,1994 Tenn. LEXIS 389, at *9 (Tenn. Workers' Comp. Panel Dec. 22, 1994) and *Mansell v. Southeast Personnel Leasing, Inc.*, No. 2023-07-5993, 2025 TN Wrk. Comp. App. Bd. LEXIS 9 (Tenn. Workers' Comp. App. Bd. Mar. 12, 2025)

to support their respective positions. The court determined that Employee had met her burden of proving an entitlement to additional temporary disability benefits based on the testimony of Dr. Roberts. Specifically, the court found that Employee had: (1) become disabled from working due to a compensable injury; (2) provided medical proof that a causal connection exists between the injury and her inability to work; and (3) established the duration of the period of disability. The court ordered ongoing TTD benefits beginning January 28, 2025, with the exception of the period from June 2 to June 16 during which Employee worked, at the agreed weekly compensation rate of $355.67. Regarding Employee's request for a penalty and attorney's fees, the court held both issues in abeyance until a later evidentiary hearing. Employer has appealed.

**Standard of Review**

The standard we apply in reviewing a trial court's decision presumes that the court's factual findings are correct unless the preponderance of the evidence is otherwise. *See* Tenn. Code Ann. § 50-6-239(c)(7) (2025). When the trial judge has had the opportunity to observe a witness's demeanor and to hear in-court testimony, we give considerable deference to credibility determinations made by the trial court. *Madden v. Holland Grp. of Tenn., Inc.*, 277 S.W.3d 896, 898 (Tenn. 2009). However, "when it comes to deposition testimony, an appellate panel is in the same position as the trial court to make credibility determinations." *Edwards v. Peoplease, LLC*, No. W2024-01034-SC-R3-WC, 2025 Tenn. LEXIS 514, at *18 (Tenn. Dec. 22, 2025). Thus, when medical proof is presented by deposition, "the reviewing court may draw its own conclusions about the weight and credibility of the expert testimony." *Id.* Moreover, the interpretation and application of statutes and regulations are questions of law that are reviewed *de novo* with no presumption of correctness afforded the trial court's conclusions. *See Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 399 (Tenn. 2013). We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2025).

**Analysis**

On appeal, Employer asserts the trial court erred in ordering additional temporary disability benefits because Employee had already reached MMI, which terminated her entitlement to such benefits. Employer argues that the evidence presented at the expedited hearing was insufficient to show that Dr. Roberts's initial opinion placing Employee at MMI was incorrect or premature. In support of its position, Employer cites Dr. Roberts's testimony agreeing that, as of the date his original MMI determination was made, he believed that decision to be correct. Employee responds that when subsequent events were

4

taken into consideration, Dr. Roberts "properly rescinded" his prior MMI determination, thus making Employee eligible for additional temporary benefits.[2]

To qualify for TTD, an employee must establish: (1) that he or she became disabled from working due to a compensable injury; (2) that there is a causal connection between the injury and the inability to work; and (3) the duration of the period of disability. *Jones v. Crencor Leasing and Sales*, No. 2015-06-0332, 2015 TN Wrk. Comp. App. Bd. LEXIS 48, at *7 (Tenn. Workers' Comp. App. Bd. Dec. 11, 2015) (citing *Simpson v. Satterfield*, 564 S.W.2d 953, 955 (Tenn. 1978)). An employee has the burden of establishing his or her entitlement to temporary disability benefits by a preponderance of the evidence. *See* Tenn. Code Ann. § 50-6-239(c)(6). Moreover, an employee's entitlement to TTD ends when the employee reaches MMI or is able to return to work. *Simpson*, 564 S.W.2d at 955 ("Temporary total disability benefits are terminated either by the ability to return to work or attainment of maximum recovery.").

Here, Employee offered evidence supporting her entitlement to additional TTD benefits through Dr. Roberts's testimony. Dr. Roberts testified that Employee's original fracture and rotator cuff tears were caused by the fall at work. Once Dr. Roberts believed Employee had sufficiently recovered from those injuries, he expressed an opinion that she had reached MMI. However, when Employee returned for further evaluation, Dr. Roberts discovered the development of post-traumatic osteoarthritis and concluded that condition was primarily caused by the original work injury and resulted in the need for the second surgery. Thus, he rescinded his previous MMI determination and provided additional treatment for the post-traumatic osteoarthritis that rendered her unable to work. Dr. Roberts took Employee off work as of January 28, 2025, and continuing through the date of the expedited hearing, except for specific dates Employee was able to work in June 2025. Consequently, we conclude the preponderance of the evidence presented to date supports the trial court's determination.

We also agree with the trial court that the decisions in *Wise* and *Mansell* both support an award of additional TTD benefits. In *Wise*, the employee sought additional medical treatment approximately one year after being placed at MMI. *Wise*, 1994 Tenn. LEXIS 389, at *2. An MRI revealed the need for additional surgery, which the doctor opined was causally related to the initial work injury. *Id.* at *3. As a result, the trial court found that the initial MMI determination was "premature and incorrect" and reinstated temporary disability benefits, and the Tennessee Supreme Court's Special Workers' Compensation Appeals Panel affirmed that finding. *Id.* at *9. Here, similar to *Wise*, Employee's original injury led to post-traumatic osteoarthritis and the eventual need for additional surgery. Dr. Roberts testified that Employee's condition was caused primarily

---

[2] In her brief on appeal, Employee argues that we should decline to consider Employer's brief, which was filed on November 25, 2025, asserting that it was filed a day late. Given that a state holiday fell on November 11, a day after Employer filed its transcript, we conclude Employer's brief was due on November 25 and was, therefore, timely filed.

by the original injury and resulted in the need for a reverse total shoulder replacement, prompting him to retract the original MMI date.

In *Mansell v. Southeast Personnel Leasing, Inc*., No. 2023-07-5993, 2025 TN Wrk. Comp. App. Bd. LEXIS 9, at *2-4 (Tenn. Workers' Comp. App. Bd. Mar. 12, 2025), the employee sustained injuries in the course and scope of his employment, received medical treatment, and was placed at MMI. Approximately ten months later, the employee reported that his back pain had returned, although an MRI revealed no new findings. *Id.* at *4-5. The employer initially reinstated temporary disability benefits, but it ceased payments based on the doctor's previous determination that the employee had reached MMI. *Id.* Following a hearing, the trial court ordered the employer to pay temporary disability benefits, reasoning that the employee had established he was disabled from working due to his workers' compensation injury and had established the period of disability. *Id.* The court also noted there was no evidence that a settlement offer had been extended at the time the employee was originally placed at MMI. *Id.* On appeal, we reversed, noting that the employee had been placed at MMI by his authorized treating physician and had provided no countervailing medical proof that the original MMI determination was "premature, incorrect, or ha[d] been retracted by his authorized treating physician." *Id.* at *12. Here, unlike in *Mansell*, Employee *has* offered medical proof that her initial placement at MMI was in error, and Employer has presented no expert medical proof to counter that testimony. As noted above, we have previously determined that additional TTD benefits may be appropriate when an authorized treating physician rescinds a prior MMI determination due to the need for additional work-related treatment. *See Beene v. Metro Services, Inc.*, No. 2016-01-0264, 2017 TN Wrk. Comp. App. Bd. LEXIS 1 (Tenn. Workers' Comp. App. Bd. Jan. 12, 2017). In short, we conclude that *Mansell* is distinguishable from the present case.

In sum, Employee was placed at MMI by her authorized treating physician in November 2023; however, after returning to work, she experienced additional symptoms that resulted in her returning to her authorized physician. Dr. Roberts obtained an MRI, which revealed severe post-traumatic osteoarthritis of the right shoulder. He then provided an opinion that Employee's condition arose out of the original work injury and recommended a reverse total right shoulder replacement. Dr. Roberts retracted his original opinion placing Employee at MMI and has testified that she still has not reached MMI due to the development of and treatment for severe post-traumatic osteoarthritis. Accordingly, we conclude that the preponderance of the evidence supports the trial court's determination that Employee is likely to prevail at trial in establishing an entitlement to additional TTD benefits.

## Conclusion

For the foregoing reasons, we affirm the trial court's order awarding additional temporary disability benefits and remand the case. Costs on appeal are taxed to Employer.



**TENNESSEE BUREAU OF WORKERS' COMPENSATION**
**WORKERS' COMPENSATION APPEALS BOARD**

| | |
|---|---|
| Glenda Laymance | Docket No. 2024-30-5862 |
| v. | State File No. 25114-2023 |
| K-VA-T Food Stores, Inc.,<br>d/b/a Food City, et al. | |
| Appeal from the Court of Workers'<br>Compensation Claims<br>Pamela B. Johnson, Judge | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 14th day of January, 2026.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Jeffrey M. Cranford | | | | X | jcranford@kmfpc.com<br>eharrison@kmfpc.com |
| Lauren Ray | | | | X | lray@forthepeople.com<br>madison.lawrence@forthepeople.com |
| Pamela B. Johnson, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

O. yearwood

Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov